345 S.E.2d 822

**Philip L. ANILE**

v.

**Virginia L. ROBERTS, Commissioner, West Virginia Department of Motor Vehicles.**

**No. 16605.**

Supreme Court of Appeals of West Virginia.

June 25, 1986.

John J. Anetakis, Volk, Frankovitch, Anetakis & Hellerstedt, Weirton, for appellant.

Atty. Gen. Charlie Brown, Asst. Atty. Gen. Doren Burrell, Charleston, for appellee.

PER CURIAM:

This is an appeal by the Commissioner of the West Virginia Department of Motor Vehicles from an order entered by the Circuit Court of Hancock County of March 30, 1984. That order modified a ruling of the Commissioner suspending the driver's license of Philip L. Anile for ten years for driving under the influence of alcohol, second offense. On appeal the Commissioner contends that the modification of the order was unjustified. We agree, and we reverse the decision of the Circuit Court of Hancock County.

On January 25, 1982, Philip Anile was arrested by a Weirton City policeman for operating a motor vehicle while under the influence of alcohol. This was Mr. Anile's first such offense of record. The arresting officer submitted a sworn statement of the arrest to the Department of Motor Vehicles in accordance with the provisions of *W.Va. Code* § 17C–5A–1(b). Based on the facts contained in the statement of arrest, the Commissioner on February 3, 1982, suspended Mr. Anile's driver's license for six months. Mr. Anile did not contest the order of suspension and surrendered his license to the Department of Motor Vehicles.

On September 10, 1982, Mr. Anile was again arrested for driving under the influence of alcohol. This arrest was also made by a Weirton City policeman and was made after Mr. Anile was involved in an automobile accident. The arresting officer submitted a 17C–5A–1(b) statement relating to this arrest to the Department of Motor Vehicles, and pursuant to the information contained in the statement the Commissioner issued an order suspending Mr. Anile's drivers license for a period of ten years for driving under the influence of alcohol, second offense.

Mr. Anile requested a hearing, pursuant to the provisions of *W.Va.Code* § 17C–5A–2, on the second suspension. At the hearing, which was conducted before a hearing examiner of the Department of Motor Vehicles, the arresting officer testified that at the time of arrest Mr. Anile had the strong odor of alcohol on his breath and that he was swaying as he stood. The officer stated that he administered two field sobriety tests, which Mr. Anile failed. A second officer testified that he administered a breath analysis test to Mr. Anile after the arrest, and that the test resulted in a reading of .23 on the testing machine. Mr. Anile was not represented by counsel at the hearing, and he did not attempt to contest or controvert the testimony of the police officers. He did indicate that he thought the test results were too high for how he felt.

Following the hearing, the Commissioner, on March 7, 1983, issued a final order upholding the ten-year suspension. Mr. Anile then filed a petition with the Circuit Court of Hancock County alleging that suspension of his license was improper and praying that the suspension order be modified.

After the filing of the petition, the circuit court, on March 17, 1983, in an *ex parte* proceeding, entered an order staying the suspension of Mr. Anile's driving privileges until the court had conducted a final hearing. The hearing was later held, and, on March 30, 1984, the court entered a final order in Mr. Anile's case. The court, in effect, reduced Mr. Anile's suspension to a period of six months and made him eligible for reinstatement of his driver's license in ninety days. The Court, in a memorandum opinion, indicated that under the law a municipal court conviction could not support an enlarged ten-year suspension and that the Commission, in suspending Mr. Anile's license for ten years, had relied upon a municipal court conviction.

In the present proceeding the Commissioner contends that the circuit court's ruling was erroneous.

This Court in *Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393 (1985), recently addressed the question of whether a municipal court conviction for driving a motor vehicle while under the influence of alcohol could be used to enhance the administrative sanction of driver's license revocation. The Court concluded that it could.

In his brief in the present proceeding, Mr. Anile concedes that the *Shell* decision, which was rendered after the circuit court's ruling in his case, is dispositive of the question of whether a municipal court decision could be used to enhance the administrative sanction. He states: "Moreover and in all candor Appellee must acknowledge that *Shell v. Bechtold,* Supra, speaks to all of the Appellee's previously contemplated arguments ... The Court ... has chosen in *Shell,* Supra. to answer all of these contentions in a manner which is most unfavorable to Appellee."

█ It appears to the Court, and the parties now concede, that in light of the holding in *Shell* the circuit court's ruling was erroneous.

█ In syllabus point 1 of *Burks v. McNeel,* 164 W.Va. 654, 264 S.E.2d 651 (1980), the Court said:

> In reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.

In view of the erroneous nature of the circuit court's ruling, the judgment of the Circuit Court of Hancock County is reversed, and this case is remanded for reim-

position of the ten-year administrative sanction originally imposed upon Mr. Anile.

Reversed and remanded.