JANE BURKS

*v.*

TOM MCNEEL, *Supt. of Schools of Randolph County,*

*W. Va., et al.*

(No. 14615)

Decided April 4, 1980.

*John C. Purbaugh, Webster J. Arceneaux,* III, for P.E.

*Brown, Harner & Busch and W. Del Roy Harner* for D.E.

MCGRAW, JUSTICE:

Jane Burks appeals from a final judgment of the Circuit Court of Randolph County, and asks this Court to reverse the lower court's denial of her petition for a writ of mandamus which she sought to compel the appellees to provide her with a hearing and a statement of reasons for the termination of her employment as the teacher of a nutrition program in the Randolph County School System. We conclude the circuit court committed errors which require reversal of its final judgment.

During the 1976-77 and 1977-78 school years, Ms. Burks was employed by the Randolph County Board of Education as a teacher in the ESEA IV-C Health and Nutrition Program. On April 17, 1978, she received a letter from Tom McNeel, one of the appellees, and then Superintendent of Schools of Randolph County. The letter informed Ms. Burks that McNeel would not be recommending renewal of her probationary contract of employment for the 1978-79 school term, and indicated that pursuant to *W.Va. Code,* 18A-2-8a she was entitled to a hearing and a statement of reasons for the decision not to recommend her reemployment. On April 20, Ms. Burks sent a letter to McNeel requesting a written statement of reasons. On April 28, McNeel responded by sending her a letter which indicated, ". . . the reason is the very questionable status of ESEA IV Health and Nutrition Program for 1978-79." The letter went on to inform Ms. Burks she could request an informal hearing before the Randolph County Board of Education. She made no such request.

Ms. Burks next heard from McNeel on June 9 when he contacted her by telephone and indicated that at its June 7 meeting the School Board had agreed to continue the nutrition program. He said he would continue her

employment as the teacher in that program. Ms. Burks testified that this course of dealings corresponded to the events of the previous year.

On June 12, Ms. Burks traveled to Charleston with McNeel and others to meet with Mr. Alpha E. Wilson, a State official concerned with overseeing the nutrition program. They discussed modifications to the program in Randolph County. During the latter part of June, Ms. Burks helped to rewrite the program to incorporate the planned modifications, and made two visits to the school board office to perform activities in preparation for the coming year's program.

According to Ms. Burks' testimony, the following transpired at a July 12 meeting to which McNeel had summoned her. He informed her that he had received "some information" about her and "he would not be recommending me to be rehired for the next year." Even though she asked what the information was, he provided no reasons for his decision. McNeel did tell her that if she pursued the matter, hired a lawyer, or went to court, the board would drop the nutrition program rather than provide her with reasons for the action. He also said he would not hire her in the Randolph County school system, or give her a good recommendation of employment for another school system.

Under cross-examination McNeel admitted this conversation had occurred, but maintained that he had said only that if she followed up on an appeal of the case it would be personally difficult for him to recommend rehiring, or to give her a good recommendation for other employment. He denied making the threats that Ms. Burks described. As a rebuttal witness Ms. Burks brought on Mr. Alpha E. Wilson, who testified that on July 13, 1978 he had received a phone call from McNeel, and had made a memorandum on the phone call. Using the memorandum to refresh his recollection, he testified McNeel indicated that Ms. Burks would not be recommended for reemployment, and that if she challenged

this decision the Board would not accept the nutrition program for the coming school year.

On July 17, 1978, Ms. Burks received a letter from McNeel indicating he would not be recommending her reemployment even if the program were refunded. He reiterated she was legally entitled to a hearing and a statement of reasons for termination. Ms. Burks retained an attorney, and by letter of July 19, the attorney requested a hearing and a statement of reasons.

The next communication took place on August 2, 1978 when Ms. Burks received a letter from McNeel informing her that on August 1 the Board of Education, "... upon my recommendation, rejected continuation of the ESEA IV-C Health and Nutrition Program. ... Without the program, we have no position; thus, my letter of July 17 is considered null, void, and of no effect."

Ms. Burks filed the petition for a writ of mandamus, and after conducting a hearing, the court entered an order denying the petition. Upon incomplete findings of fact the court concluded as a matter of law that the Board had fully complied with the law regarding the termination of Ms. Burks, and further concluded Ms. Burks had in April failed to request a hearing within the time specified by statute, and had thereby waived her right to a hearing.

The appellant contends the trial court committed reversible error because its conclusion of law that the School Board had complied with the statutory requirements is an erroneous conclusion. The appellant says this conclusion is erroneous because she was rehired in June, and the rehiring rendered the earlier dismissal and any attendant statutory compliance null and void.

Any probationary teacher not rehired at a Board of Education meeting on or before the first Monday in May of each year shall be notified in writing of not having been rehired or not having been recommended for rehiring, and shall be entitled to a written statement of reasons and a hearing, if the requests therefor are made

within ten days of the notification. At the hearing the reasons for the decision not to rehire must be shown. *W.Va. Code*, 18A-2-8a.

The evidence supports findings of fact that in April the Board complied with the statutory procedure, and that appellant did not request a hearing within the ten-day period. If the matter had ended there, the trial court's conclusion that the School Board complied with *W.Va. Code*, 18A-2-8a would have been correct. But, things did not end there, because the evidence indicates that Ms. Burks employment was continued in June and terminated in July. She testified that on June 9 McNeel said her employment would be continued. McNeel testified to confirm he had told her this. The circumstantial evidence concerning the subsequent actions of both Ms. Burks and McNeel support the inference her employment had been continued. No evidence to the contrary appears on the record. Because the trial court made no findings of fact in regard to this matter, we conclude it impermissibly ignored this uncontroverted evidence.

The July 17 dismissal attempt cannot be relied upon to sustain a conclusion of statutory compliance since it came too late under the terms of *W.Va. Code*, 18A-2-8a. After the first Monday in May, *W.Va. Code*, 18A-2-8a provided no means for the School Board to dismiss Ms. Burks. Because the April attempt to dismiss the appellant was voided when her employment was continued in June and the July 17 attempt failed, there was no statutory compliance by the appellees. By June when the time to act under *W.Va. Code*, 18A-2-8a had passed, the appellees could have moved to terminate her pursuant to *W.Va. Code*, 18A-2-7 or 18A-2-8, but they chose not to take such action. Both of these sections would have entitled Ms. Burks to a statement of reasons and a hearing on the termination.

When the evidence that Ms. Burk's employment was continued is properly considered, the inescapable conclusion of law is that the April dismissal was vitiated and of no subsequent effect. It is also clear there was no

statutorily valid termination of Ms. Burk's employment. Accordingly, the trial court's conclusion of law in this regard was incorrect, and it was error for the trial court to deny the petition for mandamus on the ground the Board fully complied with the law regarding the termination of Ms. Burk's employment. This Court does not accord special weight to a lower court's conclusions of law, and will reverse a final judgment which is based on an incorrect conclusion of law. *Dunning v. Barlow & Wisler, Inc.*, 148 W.Va. 206, 133 S.E.2d 784 (1963).

The trial court should have granted the petition to compel the respondent to provide Ms. Burks the statement of reasons and the hearing she sought. While in July it was too late for *W.Va. Code,* 18A-2-8a to provide her with the right to a hearing and statement of reasons, such right is found in West Virginia State Board of Education Regulation 5300* as interpreted by this Court in *Trimboli v. Board of Education of the County of Wayne,* ____ W.Va. ____, 254 S.E.2d 561 (1979); *Powell v. Brown,* ____ W.Va. ____, 238 S.E.2d 220 (1977).

We conclude Ms. Burks was terminated after her employment was continued in June, and that regardless of the mechanism used to effect her dismissal, she was entitled to a statement of reasons and a hearing as she had prayed for in her petition for a writ of mandamus. Accordingly, the trial court should have granted the relief requested by Ms. Burks, and should have compelled the School Board to provide Ms. Burks with a statement of reasons and a hearing.

The appellant asks this Court to reinstate her to employment with the School Board. We conclude reinstatement is not the appropriate remedy. In June, appellee continued Ms. Burks' employment in the same position she occupied the previous two school years. Consequently, Ms. Burks was entitled to be employed for the 1978-

---

* Regulation 5300 (6)(b):

"(6)(b) *Every employee is entitled to 'due process' in matters affecting his employment, transfer, demotion or promotion.*" (Emphasis added).

79 school year, or until she was properly terminated, and because this was not done she is entitled to back pay for the 1978-79 school year. On remand the trial court should determine whether she has a claim for back pay for the 1979-80 school year. In making this determination the trial court should consider mitigation of damages. *See generally, Redman v. Department of Education*, 519 P.2d 760 (Alaska 1974).

The appellee asserts it was not necessary to dismiss Ms. Burks because the nutrition program was cancelled leaving her without a job. Under normal circumstances the cancellation of the program for a valid administrative reason such as lack of funding would relieve the School Board from the duty of continuing to employ a non-tenured teacher. However, this case does not present normal circumstances. We conclude the evidence supports the findings that funding was available, that the program was cancelled on McNeel's recommendation to prevent Ms. Burk's employment and that the cancellation was the fulfillment of McNeel's threats to do just that if Ms. Burks went to court. We conclude the program was not cancelled for valid administrative reasons, and its cancellation under these circumstances did not relieve the School Board of their commitment to employ Ms. Burks for the 1978-79 school year or until they had terminated her in compliance with the law. Ms. Burks is entitled to back pay for the 1978-79 school year.

For the foregoing reasons we reverse the final judgment dismissing the petition for mandamus. The case is remanded with directions to the circuit court to award appellant back pay for the 1978-79 school term and determine whether appellant is entitled to back pay for the 1979-80 school term. The trial court is further directed to grant the writ of mandamus as prayed for below to compel the respondents to provide appellant with a hearing and a statement of reasons for her termination.

*Reversed and remanded*
*with directions.*