363 S.E.2d 241

Elvis K. **BOLTON**

v.

**L.W. BECHTOLD, etc., Commissioner West Virginia Department of Motor Vehicles.**

No. 17411.

Supreme Court of Appeals of West Virginia.

Nov. 17, 1987.

---

John S. Kaull, Clarksburg, for plaintiff.

Charles G. Brown, Atty. Gen., Doren Burrell, Asst. Atty. Gen., for defendant.

PER CURIAM:

This is an appeal by the Commissioner of the West Virginia Department of Motor Vehicles from an order entered by the Circuit Court of Barbour County on January 3, 1986. That order modified a ruling of the Commissioner suspending the driver's license of Elvis Bolton, the appellee, for ten years for second offense driving under the influence of alcohol. The Commissioner contends that the circuit court erred in making the modification and we agree.

Mr. Bolton was arrested on February 23, 1983 by a Philippi city police officer for operating a motor vehicle while under the influence of alcohol. On the basis of an affidavit executed by the arresting officer pursuant to *W.Va.Code*, 17C–5A–1 [1981] and mailed to the Department of Motor Vehicles, the Department entered an order on March 2, 1983 suspending Mr. Bolton's driver's license for ten years for driving under the influence of alcohol, second offense. Mr. Bolton requested an administrative hearing with regard to the suspension and the hearing was held on April 6, 1983.

At the hearing the arresting officer testified that he saw Mr. Bolton's car run a red light at a high rate of speed, jump an eight-inch curb, pass through a parking lot, cross back over the highway, and come to rest at a gas station on the other side. When the officer approached, Mr. Bolton emerged from the car staggering. In addition, he was not standing firmly and his speech was slurred. Although the officer testified about the results of a breathalyzer test, those results were not considered by the Commissioner in making a decision because a proper foundation had not been established for their admission.

Following the hearing, the Commissioner issued a final order on May 17, 1983 upholding the ten-year suspension which the Commissioner based on the finding that Mr. Bolton's license had been revoked previously as a result of a conviction in the Municipal Court of the City of Philippi on May 9, 1977 for driving under the influence of alcohol.

■ Mr. Bolton appealed the Commissioner's order in the Circuit Court of Barbour County. On January 3, 1986, the circuit court entered an order ruling that under the law a municipal court conviction could not be used to support an enlarged ten-year suspension for driving under the influence of alcohol. The court modified the Commissioner's order and reduced the suspension period to six months. The Commissioner filed a motion to reconsider citing *Shell v. Bechtold*, 175 W.Va. 792, 338 S.E.2d 393 (1985). In *Shell* this Court addressed the question of whether a municipal court conviction for driving a motor vehicle while under the influence of alcohol could be used to enhance the administrative sanction of driver's license revocation. The Court concluded that it could.

It appears that our holding in *Shell v. Bechtold, supra,* is dispositive of the case before us and that in light of our decision in *Shell* the circuit court's ruling was erroneous.

■ In syllabus point 1 of *Burks v. McNeel,* 164 W.Va. 654, 264 S.E.2d 651 (1980), we stated:

In reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.

Accordingly, the judgment of the Circuit Court of Barbour County is reversed, and this case is remanded for reimposition of the ten-year administrative sanction originally imposed.

Reversed and remanded.