399 S.E.2d 455

**STATE of West Virginia ex rel. DEPARTMENT OF MOTOR VEHICLES**

v.

**Tracy SANDERS.**

**No. 19300.**

Supreme Court of Appeals of West Virginia.

Nov. 9, 1990.

Roger W. Tompkins, Atty. Gen. and Andrew Tarr, Asst. Atty. Gen., Atty. General's Office, Charleston, for Dept. of Motor Vehicles.

Thomas W. Rodd, Morgantown, for Tracy Sanders.

PER CURIAM:

This is an appeal by the Commissioner of the West Virginia Department of Motor Vehicles from a July 27, 1988, final order of the Circuit Court of Monongalia County. That order modified a ruling of the Commissioner revoking the driver's license of Tracy D. Sanders, the appellee, for life based upon his third offense of driving while under the influence of alcohol. The Commissioner contends that the circuit court erred in reinstating the appellee's license. We agree and reverse the decision of the Circuit Court of Monongalia County.

### I.

On July 4, 1981, the Department of Motor Vehicles suspended the appellee's license for a period of six months based upon a June 29, 1981, driving while under the influence conviction in municipal court.[1]

---

1. Under W.Va.Code §§ 17C–5A–2 to –3 (1981), in effect during the relevant time period, the Commissioner of the Department of Motor Vehicles is authorized to revoke the license of any individual committing the offense of driving while under the influence of alcohol. Although minor amendments to the statute have been made since 1981, the relevant portions have remained unchanged. The statutes provide for enhancement of administrative sanctions upon additional incidents of driving while under the influence. If the Commissioner finds by a preponderance of evidence that the individual drove a motor vehicle while under the influence of alcohol, the license will be revoked for six months for the first offense, with eligibility for

The appellee's license was suspended a second time on March 4, 1985, based upon the appellee's February 21, 1985, arrest for driving while under the influence. He was subsequently convicted of public intoxication as a result of that incident.

The appellee's third arrest for driving while under the influence of alcohol, a charge to which he subsequently pleaded guilty, occurred on June 28, 1985. That third offense triggered the statutory administrative sanction of lifetime revocation, and the appellee's license to operate a motor vehicle was revoked by preliminary order dated July 12, 1985. Upon the appellee's request for an administrative hearing, the Commissioner found, by order dated January 31, 1986, that lifetime revocation based upon the appellee's third offense for driving while under the influence of alcohol was warranted.

Upon the appellee's petition for appeal, the Circuit Court of Monongalia County stayed the Commissioner's January 31, 1986, revocation order and permitted the appellee to retain his license pending final resolution of the matter. By order dated July 9, 1986, the circuit court modified the Commissioner's ruling and required the appellee to perform one year of community service as a prerequisite to reinstatement of his license. The circuit court also held that the Commissioner's administrative finding regarding a third offense on June

28, 1985, was not supported by substantial evidence.[2]

Upon the appellee's completion of the community service requirement, the circuit court ordered reinstatement of his license by order dated July 27, 1988. The court made the following findings: 1) the 1981 municipal court conviction was improper for use in enhancing the appellee's administrative sanction because it occurred prior to a September 1, 1988, statutory limitation contained in W.Va.Code § 17C–5A–2(j)(1).[3] The court also found that the appellee did not have the benefit of counsel for the 1981 municipal conviction and was consequently not informed of the enhancement potential for future offenses. 2) With regard to the February 21, 1985, arrest, the court stated that the use of that offense in enhancing the appellee's administrative sanction was also improper. The court based this conclusion upon the fact that the appellee's arrest for driving while under the influence resulted in a plea of guilty to the lessor offense of public intoxication. Additionally, the court found that the appellee was not notified of revocation procedures for the February 21, 1985, incident or given the opportunity to contest the administrative revocation. The Department of Motor Vehicles contended it notified the appellee pursuant to the requirements of W.Va. Code § 17C–5A–1(c) (1981),[4] but acknowledged that the appellee did not receive notification of the revocation until approxi-

---

reinstatement within ninety days if the offender completes a safety and treatment program. Upon the second offense, the offender's license will be revoked for ten years, with eligibility for reinstatement in five years if the offender completes a safety and treatment program. Upon the third offense, the offender is subject to life revocation, with eligibility for reinstatement in ten years if the offender completes a safety and treatment program. Furthermore, the statute makes clear that the real issue in license revocation is whether the individual did in fact operate a motor vehicle while under the influence of alcohol, and no showing of any resulting guilty plea, conviction, or criminal proceeding is necessary.

2. The appellee concedes on appeal that his June 28, 1985, offense did in fact occur and that the circuit court erred in holding that the June 28, 1985, charge was not supported by substantial evidence. The appellee pleaded guilty to that

offense and concedes that the Department of Motor Vehicles had grounds to suspend his license for that incident.

3. In addressing the issue of the prior revocations to be employed in calculating the appropriate enhancement of an individual's administrative license revocation, W.Va.Code § 17C–5A–2(j)(1) authorizes the use of the following: "Any administrative revocation under the provisions of the prior enactment of this section for conduct which occurred on or after the first day of September, one thousand one hundred eighty-one, and prior to the effective date [September 1, 1981] of this section." The appellee interprets this provision as authorizing only the use of post-September 1, 1981, convictions for enhancement purposes.

4. West Virginia Code § 17C–5A–1 has been amended, but the amendments do not affect the outcome of this case.

mately four months after the revocation, because the appellee had not informed the Department of his change of address, as required by W.Va.Code § 17B–2–13 (1951).[5] The circuit court, however, found that the appellee had no legal duty to so notify the appellant.

The appellant's primary contention on appeal is that the circuit court erred by concluding that the 1981 and 1985 revocations were not appropriate for use in enhancing the administrative revocation sanctions to be imposed upon the appellee's third driving while under the influence offense occurring on June 28, 1985. We address the 1981 and 1985 offenses separately.

## II.

The appellant contends that the circuit court erred by disallowing the June 29, 1981, conviction for use in enhancement of license revocation sanctions. West Virginia Code § 17C–5A–2(j)(1) authorizes the use of prior revocations for driving while under the influence in the enhancement of administrative sanctions for subsequent offenses if the prior revocations occurred during specified time periods. We have stated that a statute must be interpreted in a manner consistent with the purposes underlying the general framework within which it is drafted. *Shell v. Bechtold*, 175 W.Va. 792, 795–97, 338 S.E.2d 393, 396–97 (1985). In the present situation, while we recognize the ambiguity within the language of the statute, we conclude that the only logical interpretation of the statute would reveal a legislative intent to permit the use of administrative revocations for conduct which occurred either on or after September 1, 1981, or prior to September 1, 1981. " ' "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar

with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith." Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).' Syl. pt. 1, *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 305 S.E.2d 268 (1983) [superseded on other grounds by statute, as stated in *State ex rel. Hagg v. Spillers*, 181 W.Va. 387, 382 S.E.2d 581 (1989) ]." Syl. Pt. 3, *Shell v. Bechtold*, 175 W.Va. 792, 338 S.E.2d 393 (1985). Thus, we disagree with the circuit court's conclusion that the statute disallows the use of revocations for conduct which occurred prior to September 1, 1981.

Similarly, the circuit court's reliance upon the facts that the appellee did not have the benefit of counsel for the 1981 conviction and was not informed of the enhancement potential for subsequent offenses is not warranted. As we have consistently held, license revocation is an administrative sanction rather than a criminal penalty. *Shingleton v. City of Romney*, 181 W.Va. 227, 229, 382 S.E.2d 64, 66 (1989); *Shell*, 175 W.Va. at 795, 338 S.E.2d at 396; *Stalnaker v. Roberts*, 168 W.Va. 593, 597, 287 S.E.2d 166, 168 (1981). Even within the criminal context, as we stated in *State v. Barker*, 179 W.Va. 194, 198–99, 366 S.E.2d 642, 646–47 (1988), there is no requirement that a defendant be advised of the penalty enhancement consequences of a subsequent conviction. Similarly, there is no requirement in an administrative revocation action that an offender be informed of the administrative enhancement of sanctions for subsequent offenses. Consequently, the appellee's June 29, 1981, municipal court conviction is an appropriate prior conviction upon which the Commis-

---

5. West Virginia Code § 17B–2–13 provides as follows:

    Whenever any person after applying for or receiving an operator's or chauffeur's license shall move from the address named in such application or in the license issued to him or

when the name of a licensee is changed by marriage or otherwise such person shall within twenty days thereafter notify the department in writing of his old and new addresses or of such former and new names and of the number of any license then held by him.

sioner may base enhanced administrative sanctions for subsequent offenses.

### III.

■ The appellant next contends that the circuit court erred by disallowing the use of the February 21, 1985, conviction as a foundation for enhanced administrative sanctions. The circuit court cited two reasons for its refusal to approve of the Commissioner's use of the February 21, 1985, offense. First, the circuit court found that the offense was inappropriate for use in enhancement proceedings because the arrest for driving while under the influence resulted in a plea of guilty to the lesser offense of public intoxication. Once again, we must emphasize the distinction between the criminal and administrative forums. *See Shingleton*, 382 S.E.2d at 66. Regardless of the resulting criminal sanctions, the appellee was arrested for driving while under the influence of alcohol, and an affidavit by the arresting officer was properly prepared and forwarded to the Department of Motor Vehicles, pursuant to W.Va.Code § 17C–5A–1 (1981).[6] The Department of Motor Vehicles found, by a preponderance of the evidence, that the appellee had indeed operated a motor vehicle while under the influence of alcohol. The principles and procedures governing the administrative and criminal contexts are separate and distinct. The validity of the administrative sanction of license revocation is not dependent upon the criminal outcome. Consequently, the appellee's plea of guilty to the lesser offense of public intoxication did not undermine the validity of the administrative revocation.

■ As a second ground for its refusal to approve of the Commissioner's use of the February 21, 1985, offense as a foundation for enhanced administrative sanctions, the circuit court held that the appellee failed to receive notification of the revocation until four months after the actual revocation. The court found that the lack of notification, due to a change in the appel-

lee's address, deprived the appellee of an opportunity to challenge the revocation. The circuit court acknowledged W.Va.Code § 17B–2–13, requiring an individual to notify the Department of Motor Vehicles of a change of address, but held that the appellee had no legal duty to give such notification.

We encountered a similar situation in *State ex rel. Mason v. Roberts*, 173 W.Va. 506, 318 S.E.2d 450 (1984). In *Roberts*, we held that the burden is on the licensee to notify the Department of Motor Vehicles of a change of address. We further held that the Department has "no obligation to track him down." *Roberts*, 173 W.Va. at 509, 318 S.E.2d at 453. The licensee in *Roberts* had not been notified of his license suspension due to a change of address. As in the present case, he contended that the lack of notice deprived him of his opportunity to challenge his revocation. We held that because the appellant in *Roberts* had actual notice of the suspension approximately one month after the revocation and took no action until almost twelve months after he received that actual notice, failure by the Department of Motor Vehicles to afford him formal notice did not constitute a denial of due process of law. *Id.*

Similarly, the appellee in the present case failed to satisfy his burden of notifying the Department of Motor Vehicles of a change of address. His consequent failure to obtain actual notice of his revocation for approximately four months does not rise to the level of deprivation of due process of law. Consequently, we find that the Commissioner was justified in his use of the February 21, 1985, offense for purposes of enhancing the administrative sanction for a subsequent offense.

■ " 'In reviewing the judgment of the lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syllabus Point 1, *Burks v. McNeel*, 164 W.Va. 654, 264

---

**6.** West Virginia Code § 17C–5A–1 provides that a law-enforcement officer arresting a person for driving while under the influence of alcohol is to report to the Commissioner by sworn, written statement the name and address of the person arrested.

**60**

S.E.2d 651 (1980)." Syllabus, *Bolton v. Bechtold,* 178 W.Va. 556, 363 S.E.2d 241 (1987). Having concluded that the Commissioner was justified in relying upon the June 29, 1981, first offense and the February 21, 1985, second offense for enhancement of the administrative sanction for a subsequent offense, we hold that the life revocation of the appellee's license was warranted. Consequently, the decision of the Circuit Court of Monongalia County is reversed, and this case is remanded for reimposition of the lifetime license revocation originally imposed.

Reversed and remanded.