419 S.E.2d 470

Kenneth M. DAVIS, Appellant Below, Appellee

v.

WEST VIRGINIA DEPARTMENT OF MOTOR VEHICLES and G.M. Vasiliou, as Commissioner of the West Virginia Department of Motor Vehicles; and the State of West Virginia, Appellees Below,

West Virginia Department of Motor Vehicles and G.M. Vasiliou, as Commissioner of the West Virginia Department of Motor Vehicles, Appellees Below, Appellants.

No. 20845.

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1992.
Decided June 11, 1992.

David L. Hill, Hill, McCoy & Corey, Hurricane, for appellee.

Mario J. Palumbo, Atty. Gen., Andrew F. Tarr, Asst. Atty. Gen., Charleston, for appellants.

PER CURIAM:

The West Virginia Department of Motor Vehicles appeals the order of the Circuit Court of the Putnam County requiring the Department to grant Kenneth M. Davis an administrative hearing prior to revoking his chauffeur's license. Mr. Davis contends that although he told his

new address to the officer who arrested him for driving under the influence of alcohol, the Department sent the order of revocation to his old address, thereby depriving him of the opportunity for an administrative hearing. Because Mr. Davis failed properly to notify the Department of his change of address, we find that the Department's notification, which was sent to Mr. Davis' address of record, was sufficient notice of the administrative hearing and, therefore, we reverse the circuit court.

Mr. Davis was arrested in Putnam County on June 20, 1989 for driving under the influence of alcohol in violation of *W. Va. Code*, 17C–5–2(d) [1986]. Mr. Davis' DUI test indicated a .18 blood alcohol level. The arresting officer, a Putnam County deputy sheriff, listed Mr. Davis' address as 2640 Sycamore Road, Culloden, West Virginia and mailed the Statement of Arresting Officer to the Department. On July 6, 1989, the Department issued an order revoking Mr. Davis' license for 6 months along with notice of his right to request an administrative hearing in which to challenge the Department's action within 10 days after receipt of the notice.[1] The Department sent, by certified mail, the order to Mr. Davis' Sycamore address, the most recent address listed by Mr. Davis with the Department. The U.S. Postal Service stamped the envelop "Moved, not forwardable" and returned the order to the Department.

On November 17, 1989, Mr. Davis went to the Department and he was given the July 6, 1989 revocation order. On December 19, 1989, Mr. Davis filed a petition in circuit court under the Administrative Procedures Act alleging that because he was not given notice of his right to an administrative hearing, the Department's revocation order was inappropriate. Mr. Davis contends that he told his change of address to the officer who arrested him for DUI and that his current address was stapled or paper clipped to the Statement of Arresting Officer that was sent to the Department.[2] Mr. Davis acknowledges that he moved from the Sycamore address two or three years before his arrest and never notified the Department in writing of his address change. Mr. Davis maintains that when he told the arresting officer his current address, he notified the Department and, therefore, the Department should have sent the notice of revocation to his new address.

After a hearing, the circuit court held that because Mr. Davis' statement to the arresting officer was sufficient to notify the Department of his change of address, when the Department mailed the order to the old address, Mr. Davis was deprived of proper notice of the administrative hearing before revocation of his license. The circuit court ordered the Department to provide Mr. Davis with an administrative hearing.

*W. Va. Code*, 17B–2–13 [1951] requires that a person holding a driver's license must notify the Department in writing of a change of address within twenty (20) days after a change to the new address is made. *W. Va. Code*, 17B–2–13 [1951] provides, in pertinent part:

> Whenever any person after applying for or receiving an operator's or chauffeur's license shall move from the address named in such application or in the license issued to him ... such person shall within twenty days thereafter notify the department in writing of his old

1. The notice provided, in pertinent part:
   UPON your written request, the Commissioner of Motor Vehicles will allow you an opportunity to an administrative hearing. Such written request must be filed with the Commissioner in person or by REGISTERED or CERTIFIED MAIL, return receipt requested, within ten (10) days after receipt of this ORDER.
   \* \* \* \* \* \*
   IF YOU DO NOT REQUEST A HEARING within ten (10) days after receipt of this OR-

DER, any West Virginia driver's license or temporary license issued to you must be returned to this department within the ten (10) day period.

2. Neither the record nor the Department's file on revocation contains Mr. Davis' current address.

and new address ... and of the number of any license then held by him.

■ The person who holds a driver's license has the responsibility to notify the Department of a change of address and the Department has no obligation to seek out those persons who fail to notify the Department. *See State ex rel. Dept. of Motor Vehicles v. Sanders*, 184 W.Va. 55, 59, 399 S.E.2d 455, 459 (1990) ("the burden is on the licensee to notify the Department of Motor Vehicles of a change of address"); *State ex rel. Mason v. Roberts*, 173 W.Va. 506, 509, 318 S.E.2d 450, 453 (1984) ("the DMV has no obligation to track him down").

In the present case, Mr. Davis maintains that his statement of his new address to the arresting officer notified the Department. However, Mr. Davis never notified the Department in writing as required by *W.Va.Code*, 17B-2-13 [1951] even though he had moved from the Sycamore address more than two or three years before his arrest. There is nothing in the record to substantiate that Mr. Davis' current address was actually given to the Department; indeed, Mr. Davis' current address does not appear in the record.

In addition Mr. Davis was given actual notice that the Department had revoked his license on November 17, 1989 and even after Mr. Davis had actual notice he took no action until December 19, 1989 when he filed his petition in circuit court—a delay of 31 days. Even then, Mr. Davis did not in writing inform the Department of his current address.

When the Department receives a statement from the arresting officer showing a person drove a motor vehicle while under the influence of alcohol, the Department is required to enter an order revoking his driver's license. The Department must send a copy of the order to that person by mail "addressed to such person at his address as shown by the records of the department." *W.Va.Code*, 17A-2-19 [1951]. In the present case, the Department followed these procedures. If the person whose license has been revoked files a written request within ten days after receiving the revocation order, then he has a right to a hearing. If the Department confirms the revocation after the hearing, the person is entitled to judicial review of that decision. *W.Va.Code*, 17C-5A-2(m) [1981]. These administrative procedures comport with constitutional due process standards. *See*, Syllabus Point 3, *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978).

In the present case, the Department fulfilled its obligation of giving notice when it sent the revocation order to the "address as shown by the records of the department." *W.Va.Code* 17A-2-19 [1951]. When Mr. Davis, who failed to notify the Department in writing of his change of address, did not request an administrative hearing within ten days after he would have received the revocation order, he waived the hearing and his chauffeur's license was revoked.

■ The scope of judicial review of decisions of the Department was stated in Syllabus Point 1, *Johnson v. State Dep't of Motor Vehicles*, 173 S.E.2d 565, 318 S.E.2d 616 (1984):

Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because of the administrative findings, inferences, conclusions, decisions or order are: (1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*See also Cunningham v. Bechtold*, 186 W.Va. 474, 413 S.E.2d 129 (1991); *Gibbs v.*

*Bechtold,* 180 W.Va. 216, 218, 376 S.E.2d 110, 112 (1988).

" 'In reviewing the judgment of the lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syllabus Point 1, *Burks v. McNeel,* 164 W.Va. 654, 264 S.E.2d 651 (1980). Syllabus, *Bolton v. Bechtold,* [176] W.Va. [556], 363 S.E.2d 241 (1987)." Syllabus Point 2, *Sanders, supra.* Because Mr. Davis was properly notified of his right to a hearing when the Department mailed the revocation order to his address of record, we hold that when Mr. Davis failed to request a hearing within 10 days after the revocation order was received at his address of record, he waived his right to a hearing.

For the above stated reasons, the decision of the Circuit Court of Putnam County is reversed.

Reversed.