# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**STATE OF WEST VIRGINIA EX REL.
STEVEN O. DALE, ACTING COMMISSIONER,
WEST VIRGINIA DIVISION OF MOTOR VEHICLES,
Respondent Below, Petitioner**

**FILED**

**May 16, 2013**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 11-1726 (Monongalia County 11-CAP-22)**

**ELIZABETH A. DIVITA,
Petitioner Below, Respondent**

## MEMORANDUM DECISION

The petitioner herein and respondent below, Steven O. Dale,[1] Acting Commissioner of the West Virginia Division of Motor Vehicles ("the DMV"), appeals from an order entered November 17, 2011, by the Circuit Court of Monongalia County. In that order, the circuit court denied the DMV's motion to dismiss, and, further, directed the DMV to admit the respondent herein and petitioner below, Elizabeth A. Divita ("Ms. Divita"), into the deferral program.[2] On appeal to this Court, the DMV asserts that the circuit court erred, primarily, in exercising jurisdiction over the case.[3] Based upon the parties' written briefs and oral arguments, the appendix record designated for our consideration, and the pertinent

---

[1]Acting Commissioner, Steven O. Dale, replaced the former commissioner as the named party. *See* W. Va. R. App. Proc. 41(c) ("When a public officer . . . ceases to hold office, the action does not abate and his successor is automatically substituted as a party. . . .").

[2]W. Va. Code § 17C-5-2b (2010) (Supp. 2012) ("deferral statute"), newly enacted in 2010, sets forth a deferral program for people who commit a first offense DUI in violation of W. Va. Code §17C-5-2(d) (2010) (Supp. 2012). Without entering a judgment of guilt, the court defers the criminal proceedings while the defendant receives a fifteen-day driver's license revocation followed by a minimum of 165 days participation in the Motor Vehicle Alcohol Test and Lock Program. *See* n.5, *infra.* Upon successful completion of the deferral program, the DUI charge can be dismissed, and the criminal record expunged. In return for the lenience offered in the deferral statute, a defendant participating in the program is required to waive the right to challenge the administrative proceedings before the DMV.

[3]Because we determine that the circuit court lacked jurisdiction, we decline to address the DMV's secondary argument regarding application of the deferral statute.

authorities, we determine that the circuit court erred in exercising jurisdiction in this case. Therefore, this case is hereby, reversed and remanded for entry of an order dismissing the case. Further, this case presents no new or significant questions of law and will be disposed of through a memorandum decision as contemplated under Rule 21 of the West Virginia Revised Rules of Appellate Procedure.

Ms. Divita was arrested December 5, 2009, for aggravated DUI pursuant to W. Va. Code § 17C-5-2 (2010) (Supp. 2012),[4] because she was driving with a blood alcohol concentration of "fifteen hundredths of one percent or more[.]" Following her arrest, both administrative and criminal proceedings were initiated.

The DMV, on December 30, 2009, revoked Ms. Divita's driver's license for forty-five days and required 270 days of participation in the Motor Vehicle Alcohol Test and Lock Program ("Test and Lock").[5] Ms. Divita timely requested an administrative hearing, which was held October 27, 2010. Subsequently, on June 21, 2011, the DMV entered its final order resulting from the administrative hearing wherein it upheld the revocation of Ms. Divita's license for aggravated DUI and the accompanying penalties.

In the interim between the administrative hearing and the DMV's final order, the criminal process continued in the magistrate court. On March 17, 2011, the pending criminal charge for aggravated DUI was dismissed and re-filed to assert a violation of non-aggravated DUI pursuant to W. Va. Code § 17C-5-2.[6] Ms. Divita immediately entered into a plea agreement, stating that she "will enter the deferral program on the accompanying DUI First Offense Charge." The magistrate transmitted a "Request for DUI Deferral Program" form to the DMV. The DMV denied the request on March 30, 2011, based on its determination that Ms. Divita was ineligible for application of the deferral statute because her blood alcohol concentration of 0.153 exceeded the allowable limit. On June 14, 2011,

[4]This statutory code, as well as many of the statutory provisions cited in this decision, was amended after Ms. Divita's arrest. However, we note that none of the changes impact this case. For the sake of simplicity, we will refer to the most recent versions of the statutes.

[5]The Motor Vehicle Alcohol Test and Lock Program requires a person's vehicle to be equipped with a device that performs a breath test before the ignition mechanism will operate. *See* W. Va. Code § 17C-5A-3a (2010) (Supp. 2012).

[6]Simple or non-aggravated DUI refers to drivers with a blood alcohol concentration between 0.08 and 0.149. Aggravated DUI pertains to drivers with a blood alcohol concentration of 0.15 or higher. *See* W. Va. Code § 17C-5-2 (2010 (Supp. 2012).

Ms. Divita filed a Petition for Judicial Review in the Circuit Court of Monongalia County seeking a reversal of the DMV's refusal to allow her to participate in the deferral program.

The circuit court entered its order on November 17, 2011, granting Ms. Divita's petition for judicial review and finding that Ms. Divita's administrative revocation should be controlled by the deferral statute. The circuit court ordered the DMV to suspend Ms. Divita's license for fifteen days and, further, to admit her into the Test and Lock Program for 165 days. In the same order, the circuit court denied the DMV's motion to dismiss for lack of jurisdiction, which is the basis for the DMV's current appeal before this Court.

In the limited instances where this Court reviews a circuit court's denial of a motion to dismiss, we apply a *de novo* standard of review. *See* Syl. pt. 4, *Ewing v. Board of Educ.*, 202 W. Va. 228, 503 S.E.2d 541 (1998) ("When a party, as part of an appeal from a final judgment, assigns as error a circuit court's denial of a motion to dismiss, the circuit court's disposition of the motion to dismiss will be reviewed *de novo*.").

Determinative of this issue is whether Ms. Divita's Petition for Judicial Review was properly before the circuit court.[7] It is well-recognized that "[a]ny party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof[.]" W. Va. Code § 29A-5-4(a) (1998) (Repl. Vol. 2012). Thus, to be entitled to further review, there must be a final order and it must be a contested case. "'Order' means the whole or any part of the final disposition (whether affirmative, negative, injunctive or declaratory in form) by any agency of any matter other than rule making[.]" W. Va. Code § 29A-1-2(e) (1982) (Repl. Vol. 2012). In this case, the magistrate court transmitted a "Request for DUI Deferral Program" form to the DMV. The assessment wherein the DMV denied Ms. Divita's participation in the deferral program is the document on which Ms. Divita based her request for review in the circuit court. This assessment is not a final order

_____

[7]This case highlights the distinction between license revocation based upon the administrative record, and license revocation based upon conviction. The principles and procedures governing the administrative and criminal contexts are separate and distinct, and the validity of the administrative license revocation is not dependent upon the outcome of any criminal proceeding. *State ex. rel. DMV v. Sanders*, 184 W. Va. 55, 59, 399 S.E.2d 455, 459 (1990). Ms. Divita's license was revoked because she drove a motor vehicle under the influence of alcohol with a blood alcohol concentration of 0.15 or more, and was based on the form submitted by the investigating officer. Pursuant to W. Va. Code § 17C-5A-1 (2008) (Repl. Vol. 2009) and W. Va. Code § 17C-5A-2(k)(1) (2012) (Supp. 2012), the DMV, upon such evidence, "shall revoke" a license for forty-five days with an additional 270 days participation in Test and Lock.

and cannot form the basis to confer jurisdiction on the circuit court. Rather, it is a form that is completed by checking applicable boxes. *See also Monongahela Power Co. v. Chief, Office of Water Res., Div. of Envtl. Prot.*, 211 W. Va. 619, 567 S.E.2d 629 (2002) (finding list was not an order). While the assessment form upon which Ms. Divita based her appeal was not an order, it is also important to note that no final order had been entered from the administrative proceedings.

In addition to the fact that the assessment is not a final order, it also fails to qualify as a contested case. "'Contested case' means a proceeding before an agency in which the legal rights, duties, interests or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing[.]" W. Va. Code § 29A-1-2(b) (1982) (Repl. Vol. 2012). *See also* Syl. pt. 1, *State ex rel. West Virginia Bd. of Educ. v. Perry*, 189 W. Va. 662, 434 S.E.2d 22 (1993) ("Our Administrative Procedures Act, W. Va. Code, 29A–1–2(b), defines a contested case before an agency as a proceeding that involves legal rights, duties, interests, or privileges of specific parties which are required by law or constitutional right to be determined after an agency hearing. Thus, an agency must either be required by some statutory provision or administrative rule to have hearings or the specific right affected by the agency must be constitutionally protected such that a hearing is required."). In the present case, the magistrate court's request for the DMV to apply the deferral statute has no attendant requirement for a hearing. In fact, application of the deferral statute specifically requires that the right to an administrative hearing is waived. *See* n.2, *supra.* Therefore, the issue of the DMV's assessment of Ms. Divita for participation in the deferral program does not constitute a contested case.[8]

The relief sought by Ms. Divita in her Petition for Judicial Review was not based on the DMV's adjudication of the merits of her case. Rather, the merits were resolved in the DMV's final order, which was entered by the DMV *after* Ms. Divita's filing of her Petition for Review in the circuit court. For the foregoing reasons, we reverse the lower court's November 17, 2011, order. The circuit court lacked jurisdiction; therefore, this case is remanded for an order granting the DMV's motion to dismiss.

---

[8]This action was not a contested case; it was a collateral attack on a ministerial function of the DMV. Accordingly, because the Petition for Judicial Review was not an appeal of a contested case, this action could be maintained only as one in which extraordinary relief is sought. Pursuant to W. Va. Code § 14-2-2(a)(1) (1976) (Repl. Vol. 2009), venue for suits against state agencies or officers lies in the Circuit Court of Kanawha County. *See SER Stump v. Johnson*, 217 W. Va. 733, 740-41, 619 S.E.2d 246, 253-54 (2005) (reiterating jurisdiction for extraordinary petitions against DMV lies in Circuit Court of Kanawha County); *SER Miller v. Reed*, 203 W. Va. 684, 510 S.E.2d 518 (1998) (same).

Reversed and Remanded.

**ISSUED: May 16, 2013**

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

**DISQUALIFIED:**

**Justice Margaret L. Workman**