IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

_____

No. 15-0971

_____

FILED

**November 2, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

PATRICIA S. REED,
Commissioner, Division of Motor Vehicles,
Petitioner

v.

PAMELA HAYNES,
Respondent

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Tod. J. Kaufman, Judge
Civil Action No. 14-AA-96

REVERSED

_____

Submitted: October 25, 2016
Filed: November 2, 2016

Patrick Morrisey
Attorney General
Elaine L. Skorich
Assistant Attorney General
Charleston, West Virginia
Counsel for the Petitioner

William B. Richardson, Jr., Esq.
Richardson, Richardson, and Campbell
Parkersburg, West Virginia
Counsel for the Respondent

CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo*."  Syllabus Point 1, *Martin v. West Virginia Div. of Labor Contractor Licensing Bd.*, 199 W.Va. 613, 486 S.E.2d 782 (1997).


2.      "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

Chief Justice Ketchum:

Petitioner Patricia S. Reed, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), appeals the August 27, 2015, order of the Circuit Court of Kanawha County. The circuit court's order upheld the revocation of Respondent Pamela Haynes' ("Ms. Haynes") driver's license for driving under the influence of alcohol ("DUI"), but ruled that a previous DUI offense could not be used to enhance her penalty. The sole issue in this appeal is whether Ms. Haynes' previous DUI offense may be used to enhance the penalty for her current DUI offense.

After review, we find that the circuit court erred by granting a writ of prohibition to prevent the DMV from enhancing Ms. Haynes' DUI penalty. We therefore reverse the circuit court's order granting the writ of prohibition.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this matter concern three separate DUI offenses. The first occurred in West Virginia in 2003, the second in Ohio in 2006, and the third in West Virginia in 2012.

## A. 2003 DUI

On September 23, 2003, Ms. Haynes was arrested for DUI in Parkersburg, West Virginia. Her blood alcohol content was .236%. Ms. Haynes had an Ohio driver's

license at the time of this arrest which she gave to the arresting officer. However, Ms. Haynes told the arresting officer that her address was "Lot 8 Coral Camp Ground, Parkersburg, West Virginia."

On September 30, 2003, the West Virginia DMV sent Ms. Haynes an "Order of Revocation" for DUI. The DMV sent this order to the address it had on file for Ms. Haynes: "1019 32nd Street, Parkersburg, West Virginia."

Ms. Haynes claims that she was an Ohio resident in 2003. Ms. Haynes asserts that she surrendered her West Virginia driver's license to the Ohio Bureau of Motor Vehicles in 1999 in order to obtain her Ohio license. However, the West Virginia DMV states that it did not receive notification from the Ohio Bureau of Motor Vehicles, or from Ms. Haynes, that she had moved to Ohio and obtained an Ohio driver's license. Hence, in 2003 the West Virginia DMV's records showed that Ms. Haynes had a valid West Virginia's driver's license and that her address was "1019 32nd Street, Parkersburg, West Virginia."

The order of revocation the DMV sent to Ms. Haynes at "1019 32nd Street, Parkersburg, West Virginia" was returned to the DMV with the notation "FOE" (forwarding order expired). The order of revocation subsequently became final by default.

### B. 2006 DUI

Ms. Haynes was arrested for DUI in Ohio in 2006. The appendix-record includes a document sent from the Ohio Bureau of Motor Vehicles to Ms. Haynes that

2

provides, "You have no driving privileges. . . . Suspended Apr 17 2006 UNTIL Oct 10 2006." Before the Ohio Bureau of Motor Vehicles would reinstate Ms. Haynes' Ohio driver's license, it required her to offer proof that her driving privileges were no longer revoked based on her 2003 DUI in West Virginia. In order to remove the 2003 West Virginia revocation from her record, Ms. Haynes faxed the West Virginia DMV a document showing that she had completed a DUI safety and treatment course. Ms. Haynes also made a $45.00 payment to the West Virginia DMV, which was the amount she owed for the 2003 DUI revocation. After paying $45.00 and offering proof that she had completed the safety and training course, the West Virginia DMV sent Ms. Haynes a letter on October 11, 2006, providing, "This is to notify you officially that your driving privilege has been reinstated[.]"

### C. 2012 DUI

On May 3, 2012, Ms. Haynes was arrested for DUI at a sobriety checkpoint in Kanawha County, West Virginia. Her blood alcohol content was .108%. At the time of the 2012 arrest, Ms. Haynes was a West Virginia resident with a West Virginia driver's license. On May 31, 2012, the DMV sent Ms. Haynes an order of revocation providing that her driving privileges were revoked and that her penalty would be enhanced based on her 2003 license revocation. The DMV did not use Ms. Haynes' 2006 Ohio DUI conviction to enhance the penalty for her 2012 DUI.

Ms. Haynes objected to the DMV's 2012 order of revocation and requested an administrative hearing. The basis for Ms. Haynes' objection to the DMV's order of

3

revocation was as follows: "checkpoint compliance, not under the influence, lack of probable cause, chemical test procedure, challenge the FST [field sobriety test]." The Office of Administrative Hearings ("OAH") held a hearing on Ms. Haynes' 2012 DUI offense on October 24, 2012. Following the administrative hearing, the OAH affirmed the revocation of Ms. Haynes' driver's license by order entered on September 5, 2014.

Ms. Haynes filed a "Petition for Review and Writ of Prohibition" in the Circuit Court of Kanawha County in September 2014, challenging the OAH's order. In this petition, Ms. Haynes stated that the OAH erred by "ignoring" her objection to the DMV's imposition of an enhanced penalty based on the 2003 DUI. Ms. Haynes filed another "Writ of Prohibition" in the Circuit Court of Kanawha County in March 2015. Ms. Haynes again argued that the OAH erred by "ignoring" her objection to the DMV's imposition of an enhanced penalty based on the 2003 DUI. It is unclear why Ms. Haynes filed two separate actions with the circuit court.

The circuit court consolidated the two writs of prohibition filed by Ms. Haynes and, after holding a hearing, issued an August 27, 2015 order: "Granting the Writ of Prohibition Excluding the Previous Offense [2003 DUI], Affirming the Decision Below, and Remanding Back for the Purpose of Reconsidering the Administrative Penalty." The circuit court's order includes the following discussion regarding the enhanced penalty based on Ms. Haynes' 2003 DUI:

> Petitioner [Ms. Haynes] has alleged that she was denied her due process rights in an earlier DUI revocation as notice was mailed to an address from which she had moved. Significantly, all records from that prior arrest document

4

show that she had an Ohio driver's license at the time of that arrest. Petitioner was the subject of a prior administrative license revocation for a DUI that allegedly occurred in 2003; however, the notice of that proposed revocation was not sent to the proper address. Said notice was sent [sic] the Petitioner's former West Virginia address, from which she had moved three years prior. Although Respondent [DMV] claims that they were under no obligation to send notification to the known current address, which petitioner provided at the time of the arrest and is evidenced in the investigating officer's report, this rationale controverts justice. . . .

[T]he Court hereby GRANTS Petitioner's Writ of Prohibition to exclude the previous action from enhancing the current penalty; . . . and REMANDS the matter for the purposes of reconsidering the administrative penalty based on excluding the previous DUI from consideration.

The circuit court's order does not cite any authority in support of its ruling granting Ms. Haynes' writ of prohibition. The only rationale provided for its ruling is that the DMV's enhanced penalty based on the 2003 DUI "controverts justice." After the circuit court entered its order, the DMV filed the present appeal with this Court, arguing that the circuit court erred by granting Ms. Haynes' writ of prohibition.


## II.

## STANDARD OF REVIEW

The present appeal involves a challenge to the circuit court's order granting extraordinary relief by way of a writ of prohibition. In Syllabus Point 1 of *Martin v. West Virginia Division of Labor Contractor Licensing Board*, 199 W.Va. 613, 486 S.E.2d 782 (1997), this Court held "[t]he standard of appellate review of a circuit court's order

5

granting relief through the extraordinary writ of prohibition is *de novo*." Further, this appeal concerns an administrative order revoking Ms. Haynes' driver's license. Our law concerning judicial review of an administrative order addressing the revocation of a driver's license was set forth in *State ex rel. Commissioner West Virginia Division of Motor Vehicles v. Swope*, 230 W.Va. 750, 754, 742 S.E.2d 438, 442 (2013):

> [T]he provisions of chapter 17C, articles 5A and 5C, of the West Virginia Code set forth the administrative framework for license revocation for driving a motor vehicle while under the influence of alcohol. Nevertheless, judicial review of an administrative order or decision concerning revocation is obtained in circuit court, and subsequently in this Court, under the Contested Cases provision of the State Administrative Procedures Act, W.Va. Code, 29A-5-1 [1964], *et seq. See Miller, Comm'r v. Moredock*, 229 W.Va. 66, 726 S.E.2d 34, 37 (2011) (Judicial review of a revocation order of the Commissioner of the Division of Motor Vehicles is conducted pursuant to the contested cases provision of the State Administrative Procedures Act.); syl. pt. 1, *Muscatell v. Cline, Comm'r*, 196 W.Va. 588, 474 S.E.2d 518 (1996) (Review by this Court in such cases is similar to the review conducted under the Act in circuit court); *Dean v. West Virginia Department of Motor Vehicles*, 195 W.Va. 70, 71, 464 S.E.2d 589, 590 (1995) (Judicial review of the revocation of a license to operate a motor vehicle is under the State Administrative Procedures Act.).

### III.

### ANALYSIS

The sole issue in this appeal is whether Ms. Haynes' 2003 revocation for DUI may be used to enhance the penalty for her 2012 DUI offense. We again note that

the DMV did not use Ms. Haynes' 2006 Ohio DUI to enhance the penalty for her 2012 DUI offense.

In this appeal, the DMV argues that Ms. Haynes did not receive the 2003 revocation order because she failed to provide the DMV with her updated address. The DMV asserts that Ms. Haynes had a statutory duty pursuant to W.Va. Code § 17B-2-13(a) [1999], to inform the DMV of her new address. Additionally, the DMV argues that Ms. Haynes had actual knowledge of the 2003 revocation order in 2006 when the Ohio Bureau of Motor Vehicles placed a hold on her driver's license.[1] According to the DMV, Ms. Haynes did not challenge the 2003 revocation order when she received actual notice of it in 2006; instead, she assented to the 2003 revocation order by paying $45.00 and submitting a safety and training course certificate to the West Virginia DMV. Conversely, Ms. Haynes argues that the DMV may not enhance the penalty for her 2012 DUI based on the 2003 revocation order because the 2003 DUI revocation order was sent to the wrong address. Thus, Ms. Haynes claims that she "lost the ability to timely contest the proposed [2003] revocation."

After review, we find that the circuit court erred by granting Ms. Haynes' writ of prohibition to preclude the DMV from enhancing her 2012 DUI penalty based on her 2003 DUI revocation. As an initial matter, we note that both parties have largely

---

[1] This hold was placed on Ms. Haynes' driver's license due to her 2003 West Virginia DUI.

framed the issue as being whether the DMV erred by mailing the 2003 revocation order to Ms. Haynes' former West Virginia address instead of sending it to the address contained on her Ohio driver's license.[2] However, we find that the resolution of this

[2] The DMV argues that Ms. Haynes did not receive notice of the 2003 revocation order because she did not comply with her statutory duty to inform the DMV of her new address. West Virginia Code § 17B-2-13(a) provides:

> Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the license issued to the person, or when the name of a licensee is changed by marriage or otherwise, the person shall within twenty days thereafter notify the division in writing of the old and new addresses or of the former and new names and of the number of any license then held by the person on the forms prescribed by the division.

This Court reviewed W.Va. Code § 17B-2-13 in *State ex rel. Miller v. Reed*, 203 W.Va. 673, 510 S.E.2d 507 (1998), and held in Syllabus Point 6 that "[p]ursuant to the provisions of West Virginia Code § 17B-2-13 (1996), an individual who holds a driver's license issued by the West Virginia Division of Motor Vehicles is required to notify the Division in writing concerning a change of address within twenty (20) days after a change of residence on the prescribed form." From a regulatory standpoint, West Virginia Code of State Rules § 91-4-9.1 provides similarly as follows: "Change of Address.—In accordance with law, all licensees shall provide the Division with a correct address within twenty days of moving to a new location."

During the 2003 DUI arrest, Ms. Haynes gave the arresting officer her Ohio driver's license that contained an Ohio address. However, she told the officer that her address was "Lot 8 Coral Camp Ground" in Parkersburg, West Virginia. Thus, Ms. Haynes held herself out to be a West Virginia resident at the time of the 2003 arrest that occurred while she was driving a car in West Virginia. Therefore, Ms. Haynes' argument that she was not obligated to comply with W.Va. Code § 17B-2-13(a) and provide the DMV with her current West Virginia address ("Lot 8 Coral Camp Ground, Parkersburg, West Virginia") appears to be dubious. However, we need not reach this issue in our resolution of this case. We note that this Court has held: "The person who holds a

(continued . . .)

matter only requires a simple, straightforward application of W.Va. Code § 29A-5-4(b) [1998], our statute setting forth the statute of limitations for a party contesting an administrative order.

West Virginia Code § 29A-5-4(b) provides that a petition for review of an administrative decision *must be filed within thirty days after the petitioner receives notice of the final order or decision of the agency.* It states:

> **Proceedings for review shall be instituted by filing a petition**, at the election of the petitioner, in either the Circuit Court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, **within thirty days after the date upon which such party received notice of the final order or decision of the agency.** A copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal.

---

driver's license has the responsibility to notify the Department of a change of address and the Department has no obligation to seek out those persons who fail to notify the Division." *Davis v. W.Va. Dep't of Motor Vehicles,* 187 W.Va. 402, 405, 419 S.E.2d 470, 473 (1992). *Accord State ex rel. Dept. of Motor Vehicles v. Sanders*, 184 W.Va. 55, 59, 399 S.E.2d 455, 459 (1990) ("the burden is on the licensee to notify the Department of Motor Vehicles of a change of address"); *State ex rel. Mason v. Roberts*, 173 W.Va. 506, 509, 318 S.E.2d 450, 453 (1984) ("the DMV [Division] has no obligation to track him down"). Also, this Court has previously considered and rejected a driver's claim that providing an updated address to the arresting officer at the time of the arrest is sufficient to place the DMV on notice that a change of address has occurred. *See State ex rel. Miller v. Reed*, 203 W.Va. at 681, 510 S.E.2d at 515.

*Id.* (emphasis added). Similarly, Rule 2(b) [2008] of the West Virginia Rules of Procedure for Administrative Appeals states:

> Time for Petition.—No petition shall be filed from a state agency decision or final order in a contested case after the time period allowed by law. The petition shall be filed in the office of the circuit clerk of the circuit court in which venue lies by law, within 30 days after the petitioner receives notice of the final order or decision from the agency, unless otherwise provided by law.

*See also W.Va. Bd. of Med. v. Spillers*, 187 W.Va. 257, 259, 418 S.E.2d 571, 573 (1992) ("[P]rocedures for appeals of decisions by administrative agencies are governed by the State Administrative Procedures Act."); *Johnson v. Comm'r, Dep't. of Motor Vehicles*, 178 W.Va. 675, 677, 363 S.E.2d 752, 754 (1987) ("That statute is a part of this state's administrative procedures act and generally provides for judicial review of contested administrative cases, allowing a court to reverse, vacate, or modify an agency's decision on certain grounds.").

This Court discussed W. Va. Code § 29A-5-4(b) in *State ex rel. Comm'r W. Va. Div. of Motor Vehicles v. Swope*, 230 W.Va. at 755, 742 S.E.2d at 443, stating:

> After careful consideration, this Court cannot conclude that W. Va. Code, 29A-5-4(b) [1998], means less than what it plainly states. A party adversely affected by an administrative order or decision in a contested case must file the petition for appeal in circuit court "within thirty days after the date upon which such party received notice of the final order or decision of the agency."

West Virginia Code § 29A-5-4(b) provides a clear, unambiguous statement of when an appeal of an administrative decision must be filed: "within thirty days after

10

the date upon which such party *received notice of the final order* or *decision of the agency*." *Id*. (emphasis added). In Syllabus Point 5 of *State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 107 S.E.2d 353 (1959), this Court held: "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."

Applying the clear, unambiguous language of W.Va. Code § 29A-5-4(b) to the present case, we find that Ms. Haynes had notice of the 2003 revocation order in 2006 when she sent the West Virginia DMV a $45.00 payment and a safety and treatment certificate to have her driving privileges reinstated. Ms. Haynes did not file an administrative appeal of the 2003 revocation order upon receiving actual notice of it in 2006. Instead, she waited until 2012, after the DMV sought to enhance her penalty for the 2012 DUI, to challenge the validity of the 2003 revocation order. Ms. Haynes does not dispute that she 1) became aware of the 2003 revocation order in 2006, 2) paid the West Virginia DMV $45.00 and sent it a safety and treatment certificate in 2006 upon learning of the 2003 revocation order, and 3) did not challenge the 2003 revocation order until 2012. Thus, her challenge to the 2003 revocation order, raised for the first time in connection with her 2012 DUI revocation hearing, is time barred pursuant to the plain language of W. Va. Code § 29A-5-4(b).

11

Because Ms. Haynes did not file a timely appeal of the 2003 revocation order, we find that the circuit court's order granting Ms. Haynes' writ of prohibition is clearly erroneous as a matter of law.

Finally, we note that the DMV sought to enhance Ms. Haynes' 2012 DUI penalty based only on her 2003 DUI. We find it puzzling that the DMV did not use Ms. Haynes' 2006 Ohio DUI to further enhance the penalty for her 2012 DUI. The DMV's brief to this Court notes this odd occurrence but does not explain why it occurred. The brief provides, "Even though the 2012 DUI was Ms. Haynes' third offense in a ten year period, West Virginia treated it as a second offense."

License revocation laws are intended to protect the public. This Court previously stated, "The purpose of the administrative sanction of license revocation is the removal of persons who drive under the influence of alcohol and other intoxicants from our highways." *Shell v. Bechtold*, 175 W.Va. 792, 796, 338 S.E.2d 393, 396 (1985) (citation omitted). In *Shell*, this Court held that "[a] DUI conviction in another state is ground for license revocation." *Id.* at 795, 338 S.E.2d at 395 (citations omitted).

Further, West Virginia is a member of the Driver License Compact, W.Va. Code §§ 17B-1A-1 to -2 [1972]. "Under the Driver License Compact, each state is required to treat a conviction in a sister state in the same manner as it would an in-state conviction." 7A Am.Jur.2d *Automobiles and Highway Traffic* § 154 (1997). This premise was stressed in *Shell* wherein the Court stated, "As a member of the interstate Driver License Compact and by virtue of Article IV, Code, 17B-1A-1, the DMV is required to

12

treat out-of-state convictions in the same manner as it would in-state convictions." 175 W.Va. at 795, 338 S.E.2d at 395-96. Despite our clear body of law on this issue, the DMV has not attempted to use Ms. Haynes' 2006 Ohio DUI to enhance her penalty for the 2012 DUI. In the future, we urge the DMV to give substantial thought and deliberation to using out-of-state DUI convictions to enhance the penalty for committing a DUI in this State.

## IV.

## CONCLUSION

The circuit court erred by granting Ms. Haynes' writ of prohibition to prevent the DMV from enhancing her 2012 DUI penalty based on her 2003 revocation. Ms. Haynes failed to timely contest the 2003 revocation order pursuant to W.Va. Code § 29A-5-4(b). We therefore reverse the circuit court's order granting the writ of prohibition.

Reversed.