439 S.E.2d 438

William Vernon SMITH, Jr., Plaintiff
Below, Appellee,

v.

WEST VIRGINIA WORKERS' COM-
PENSATION FUND, Defendant
Below, Appellant.

Donald S. HARRISON, Appellee,

v.

WEST VIRGINIA WORKERS'
COMPENSATION FUND,
Appellant.

No. 21626.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 22, 1993.

Decided Dec. 14, 1993.

Darrell V. McGraw, Jr., Atty. Gen., Samuel P. Cook, Sr. Asst. Atty. Gen., and Landon R. Brown, Asst. Atty. Gen., Charleston, for appellant.

Ross Maruka, Fairmont, for appellees.

PER CURIAM:

This case is before this Court upon an appeal from the May 29, 1992, order of the Circuit Court of Kanawha County, West Virginia. In that order the circuit court reversed the decision of the West Virginia Education and State Employees Grievance Board and found that the elimination of the appellees', William Vernon Smith, Jr. and Donald S. Harrison, classified-exempt positions was a political firing. On appeal, the appellant, the West Virginia Workers' Compensation Fund, asks that this Court reverse the decision of the circuit court. This Court has before it the petition for appeal, all mat-

ters of record and the briefs of counsel. For the reasons stated below, the judgment of the Circuit Court of Kanawha County is reversed.

I

The appellees were appointed to their positions as claims investigators for the appellant during the administration of Governor Arch A. Moore, Jr. Appellee Smith worked in that capacity from November 30, 1987, through April 5, 1990; and, appellee Harrison worked in the same capacity from February 10, 1986, through April 5, 1990.

The position of claims investigator was designated as "classified-exempt service," meaning the position was not subject to the requirements or protections provided by the civil service system. A decision to eliminate the exempt positions was made by the executive who headed the Fund, former Commissioner Emily A. Spieler.

On January 23, 1990, the appellees received a letter dated January 19, 1990, from the Commissioner which stated, in relevant part:

I have been informed by the Personnel Division that we must eliminate the Claims Investigator position at the Workers' Compensation Fund based upon an opinion of the Attorney General which required the elimination of similar exempt positions in the Division of Motor Vehicles (formerly the Department of Motor Vehicles). This Attorney General's opinion holds that investigatory positions of this nature are not appropriate for exempt status.

... However, in view of the advice of the Personnel Division and the opinion of the Attorney General, I regret to inform you that your classified exempt position of Claims Investigator will be eliminated at the close of business on April 5, 1990.

We are providing you with this notification period in order to allow you ample time to take the appropriate civil service tests and be certified to a register in the event you are interested in applying for other positions.... You will, of course, be considered for any position for which you

meet the qualifications and are adequately ranked on the register.

We will be making every effort to assist you in finding other employment either within or outside state government[.]

The appellees responded to the Commissioner's letter by filing expedited grievances pursuant to the West Virginia State Grievance Procedure Act asserting their dismissal was due to their political affiliation. See W.Va.Code, 29–6A–1, et seq. [1988]. However, the appellees' grievances were denied at every stage of the grievance process. Specifically, the hearing examiners found that the appellees had failed to establish that political affiliation was the substantial or motivating reason for their dismissal.

On May 29, 1992, the circuit court reversed the decision of the West Virginia Education and State Employee Grievance Board by finding that the elimination of the appellees' classified-exempt position service was a political dismissal.

It is from the May 29, 1992, order of the circuit court that the appellant appeals to this Court.

## II

The appellant raises three assignments of error on appeal: (1) the circuit court exceeded the statutory standard of review and substituted its judgment for that of the administrative agency; (2) the circuit court erred in concluding that the appellant is prohibited from abolishing a classified-exempt service; and (3) the circuit court erred in holding that the hearing examiner's decision was not rendered within the time required by W.Va. Code, 29–6A–4 [1988].

The United States Supreme Court, in a series of three cases, has held that the dismissal of a non-civil service employee is improper and thus violates one's first amendment rights when made for political patronage reasons. The first two Supreme Court cases which held this proposition were Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The Supreme Court then followed up · with the case of Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) which upheld the precedent set in Elrod and Branti. The parameters set in this trio of cases have been discussed and adopted in West Virginia in the cases of Adkins v. Miller, 187 W.Va. 774, 421 S.E.2d 682 (1992), and Akers v. West·Virginia Dep't of Highways, 188 W.Va. 698, 425 S.E.2d 840 (1992). However, in the case before us, there is no evidence presented which suggests that the appellees' dismissal was for political patronage reasons.

In the instant case, the Level IV hearing examiner recognized in his decision that in order for the appellees to establish a prima facie case that an employee's termination constituted a patronage dismissal and thus violates his First Amendment rights, he or she would have to prove that affiliation with his political party was the substantial or motivating factor underlying his dismissal. See Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169 (1st Cir.1988). This standard poses a question of fact to be decided by the hearing examiner and the trial court. In utilizing this criterion, the hearing examiner ultimately found that the appellees had failed to establish a prima facie case of political discrimination. To the contrary, the circuit court found that the appellees had met the burden of proof, and therefore, the action taken by the appellant of eliminating the claims investigator position as a classified-exempt position under the guise of relying upon a 1983 Attorney General's opinion to justify this action, constituted a political firing.

■■■ The Administrative Procedure Act, W.Va.Code, 29A–5–4(g) [1964], delineates the standard of judicial review of an administrative decision. This Court outlined the extent of judicial review under the Administrative Procedure Act in syllabus point 2 of Shepherdstown V.F.D. v. W. Va. Human Rights Comm'n, 172 W.Va. 627, 309 S.E.2d 342 (1983):

Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings.

The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'

 We have carefully considered the arguments of counsel and the applicable law in light of the evidence before us. The relevant statute, *W.Va.Code*, 29–6–4 [1990], which relates to classified exempt service or additions to such service, does not prohibit the elimination of classified exempt positions. In addition, *W.Va.Code*, 29–6–12 [1989], requires compliance by officers and employees of the state with provisions of the statute relating to the civil service system. There is, however, no provision within the *Code* exempting claims investigators.

Furthermore, the evidence illustrates that there was no political overlay with respect to the Commissioner's actions in eliminating the position of claims investigator as classified-exempt.

The appellees contend, pursuant to *W.Va.Code*, 29–6–4 [1990], that they were "grandfathered" into classified service when their classified-exempt positions were eliminated. More simply, the appellees assert that the statute provides for all claims investigators who were in the classified-exempt service on July 1, 1989, to maintain their classified-exempt status.

However, as the appellant correctly notes, no provision exists within the *Code* which

allows for an individual to be "grandfathered" into classified service when his/her classified-exempt position is abolished.

Following this thorough review of the record, we do not find any proof to substantiate the finding that the elimination of the claims investigators position as classified-exempt was politically motivated. When reviewing the decision of a lower court, this Court has continually recognized:

' "In reviewing the judgment of the lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law." Syllabus Point 1, *Burks v. McNeel*, 164 W.Va. 654, 264 S.E.2d 651 (1980). Syllabus, *Bolton v. Bechtold*, [178] W.Va. [556], 363 S.E.2d 241 (1987).' Syllabus Point 2, *State ex rel. Dept. of Motor Vehicles v. Sanders*, 184 W.Va. 55, 399 S.E.2d 455 (1990).

Syl. pt. 2, *Davis v. W. Va. Dept. of Motor Vehicles*, 187 W.Va. 402, 419 S.E.2d 470 (1992). We find that the circuit court erred in concluding that the appellees' dismissal was actually a political firing in light of the reliable, probative and substantial evidence on the whole record. Furthermore, there is no provision within our State's laws that prohibits the Commissioner from eliminating the position of claims investigator as classified-exempt. The appropriate action was taken in light of the policy considerations of the Division of Personnel and the Commissioner of the Workers' Compensation Fund.*

Therefore, based upon the reasons given herein, the judgment of the Circuit Court of Kanawha County is reversed.

Reversed.

---

* The appellant also raises the argument that the circuit court erred in holding that the hearing examiner's decision was not rendered within the time required by *W.Va.Code*, 29–6A–4 [1988]. This argument is not a major issue in light of the fact that the record is void of any evidence suggesting that the appellees were prejudiced by the delay.

We note that we are under no obligation to take the issues as given to us. Rather, the issues were properly framed before the hearing examiner, and he made the correct ruling in light of the whole record.