418 S.E.2d 359

**The BOARD OF EDUCATION OF the COUNTY OF GRANT, Defendant Below, Appellant,**

**v.**

**Patricia TOWNSHEND, Plaintiff Below, Appellee.**

**No. 20662.**

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1992.

Decided May 28, 1992.

Dennis V. DiBenedetto, Petersburg, for appellant.

Charles R. Garten, Charleston, and Daniel C. Staggers, Staggers & Webb, Keyser, for appellee.

BROTHERTON, Justice:

This case presents a narrow issue involving legislative enactments during a six-month period in 1990.

The appellee, Patricia Townshend, has been a teacher and principal employed by the Grant County Board of Education for more than twenty years. She became principal of Petersburg Elementary School in 1987. By letter dated March 27, 1990, the

Grant County Superintendent of Schools, Michael M. Eberbaugh, informed the appellee that a significant loss in funding necessitated that "reorganization and program changes" be implemented for the next school year. Consequently, the appellee was told that she would be recommended for a transfer.[1]

The appellee immediately exercised her right to a hearing before the Board of Education. In a closed hearing held on April 24, 1990, she presented the Board with a written statement containing reasons why she should not be demoted from her position as principal. However, the Board voted to approve the superintendent's recommendations regarding reductions in force and transfer.

The appellee subsequently initiated grievance procedures. On July 3, 1990, the appellee filed a Level IV grievance with the West Virginia Education and State Employees Grievance Board, in which she explained that:

I have been placed on the transfer list as an administrator with the intent of being placed back in the classroom. I contend that HB 101 [W.Va. Code § 18–9A–4] was not followed, that I am not the least seniored administrator, that I still hold an administrative contract, that I cannot be transferred to change my contract, that to be demoted to a teaching assignment I should have had my administrative contract terminated and a teaching contract issued prior to April 1; and that I have not mutually consented to having my administrative contract terminated.

At a hearing held on August 28, 1990, the Board's senior hearing examiner granted the appellee's grievance.

In a decision dated December 28, 1990, the hearing examiner concluded that W.Va. Code § 18–9A–4, as amended effective March 15, 1990, placed a mandatory duty

1. The Board cited W.Va.Code §§ 18A–2–7 and 18A–4–8b as authority for its action.

2. The appellee states that after she was reassigned, the Board of Education created a new elementary principalship which was given to a senior elementary principal whose position was eliminated. Another elementary principal with

on boards of education to eliminate central office administrators before eliminating assistant principals and principals. That Code section specifically provided that:

[E]very county shall utilize methods other than reductions in force, such as attrition and early retirement, before implementing their reductions in force policy to comply with the limitations of this section. Any reductions resulting from the provisions of this section *shall be made* in the following order: (1) central office administrators, (2) assistant principals, and (3) principals. (Emphasis added.)

The hearing examiner found that the appellant improperly reduced the number of principals and transferred the appellee to a teaching position in violation of the mandatory statutory language directing that central office administrative positions be eliminated first.[2] The Grant County Board of Education was ordered to reinstate Townshend to the position of Petersburg Elementary School principal effective at the beginning of the second semester "so as to minimize the impact upon the students currently taught by the grievant and any other personnel affected by this decision."

The Board appealed this ruling to the Circuit Court of Grant County, which expressed its disagreement with the result reached in this case. However, the circuit court could not conclude that the hearing examiner was clearly wrong, and on January 22, 1991, the circuit court affirmed the hearing examiner's decision to grant the appellee's grievance.

During a special session in August, 1990, the Legislature amended W.Va.Code § 18–9A–4, effective August 31, 1990. The amendment eliminated the "mandatory" language in question and replaced it as follows:

more seniority than the appellee whose position was eliminated by the Board was given the appellee's position as principal at Petersburg Elementary. According to the appellee, no central office administrators or assistant principals were included in the transfers which were caused by the reorganization.

*It is the intent of the Legislature* that in planning reductions in force to comply with reduced ratios of professional educators to students in adjusted enrollment, *county boards shall consider* positions for elimination in the following order: (1) Central office administrators, (2) assistant principals, and (3) principals. (Emphasis added.)

However, this amendment became effective after the appellant was required to perform a reduction in staff on a mandatory basis as set out in the March 15, 1990, enactment of W.Va.Code § 18–9A–4. Nonetheless, relying on this amendment, the appellants now argue that "[i]t is quite clear that the Legislature never intended the language in question, as contained in the March 15, 1990, enactment of West Virginia Code 18–9A–4, to be mandatory."

 This may be true, and the subsequent amendment to W.Va.Code § 18–9A–4 in August, 1990, may well be evidence that its legislative intent was misstated in the March 15, 1990, enactment. However, it is also true that it was as a result of the March 15, 1990, enactment that the appellee was transferred from her principalship to a lower paying teaching position. The statutory language in effect at that time was both clear and unambiguous, and mandated that reductions in force be made in a specified manner: "Any reductions resulting from the provisions of this section *shall be made in the following order:* (1) central office administrators, (2) assistant principals, and (3) principals." "The word 'shall', in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation." Syl. pt. 2, *Terry v. Sencindiver*, 153 W.Va. 651, 171 S.E.2d 480 (1969).

The hearing examiner who heard the appellee's grievance before the West Virginia Education and State Employees Grievance Board concluded that the Grant County Board of Education violated W.Va.Code § 18–9A–4, effective March 15, 1990, because it did not consider central office administrators first and then assistant principals before reducing in force the principals

in the Grant County school system. Because it could not find that the hearing examiner was clearly wrong, the circuit court affirmed its decision. Likewise, this Court must now conclude that the lower court's decision was correct both factually and as a matter of law.

To summarize, we find that W.Va.Code § 18–9A–4, as enacted and effective March 15, 1990, mandated that any reductions in force by boards of education were to be made in a specific manner, with central office administrators eliminated first, followed by assistant principals, and then principals. A subsequent amendment to § 18–9A–4, effective August 31, 1990, eliminated the mandatory language and stated that county boards need only consider positions for elimination in that order.

Thus, for the foregoing reasons, the relief prayed for by the appellant is denied and the January 22, 1991, decision of the Circuit Court of Grant County upholding the hearing examiner's decision is hereby affirmed.

Affirmed.