438 S.E.2d 602

**Charles Stuart OXLEY, Plaintiff Below, Appellant,**

v.

**The BOARD OF EDUCATION OF the COUNTY OF SUMMERS, Defendant Below, Appellee.**

No. 21536.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1993.

Decided Dec. 14, 1993.

---

J.W. Feuchtenberger, Stone, McGhee, Feuchtenberger & Barringer, Bluefield, for appellant.

Kathryn Reed Bayless, Princeton, for appellee.

PER CURIAM:

This action is before this Court upon appeal of the April 15, 1992, decision of the Circuit Court of Kanawha County. In that order, the circuit court upheld the final decision of the West Virginia Education and State Employee Grievance Board which stated that the appellant, Charles Stuart Oxley, was not entitled to the position as principal at the Summers County Career Center because he did not possess the required secondary principal's certificate. On appeal, the appellant asks that this Court reverse the decision of the circuit court. For the reasons stated below, the decision of the Circuit Court of Kanawha County is reversed.

I

On July 25, 1989, the appellee, the Board of Education of the County of Summers, posted a notice of a job vacancy for "career center principal." The posting noted that the applicant must possess the requisite certification: (1) a principal's certificate grades 7–12; and (2) a vocational administrative certificate. Demetrius Tassos, the Superintendent of Schools for Summers County at the time, interviewed the applicants. The appellant possessed a vocational administrator's certificate and an elementary principal's certificate. The appellant, however, was eligible for his secondary principal's certificate but he had not yet completed the necessary paperwork to receive it.

Harold Bandy also desired the position, but he possessed only a principal's certificate. Prior to the posting of the vacant position, Mr. Bandy applied through the appellee and Mr. Tassos for a temporary permit as a vocational administrator from the West Virginia State Department of Education. The application for such permit was completed by Mr. Bandy and Mr. Tassos. Specifically, Mr. Tassos certified in the application that "in my judgment, the applicant [Mr. Bandy] is the best qualified person available; therefore, I recommend that he/she be granted a permit for the position to which he/she has been assigned." The application was signed and submitted on July 3, 1989. The circuit court and the parties herein agree that the circumstances surrounding the issuance of the permit are questionable.

Ultimately, Mr. Tassos recommended Mr. Bandy for the position, and on August 10, 1989, the appellee hired Mr. Bandy to be the new career center principal.

On August 22, 1989, the appellant filed a grievance. The appellant contended that he was the more qualified individual for the position, and thus, the appellee's decision to hire Mr. Bandy was in violation of *W.Va. Code,* 18A–4–8b(a) [1990]. However, the appellant's grievance was denied at every stage of the grievance process.

On April 15, 1992, the circuit court affirmed the decision of the Level IV hearing examiner and held that the appellant failed to meet the posted job requirements at the time the appellee selected Mr. Bandy. It is from the circuit court's order dated April 15, 1992, that the appellant appeals to this Court.

However, it should be noted that on September 13, 1991, Mr. Tassos resigned as superintendent. Shortly thereafter, the new superintendent recommended that the appellee post an administrative vacancy at the career center. Following the posting, the appellant was hired as principal of the career center.

## II

The appellant's primary point of contention is that the circuit court erred in upholding the decision of the Level IV hearing examiner in light of the reliable, probative and substantial evidence on the whole record.

This case before us is unusual in that the parties' request for relief is practically identical. Specifically, the appellee joins the appellant in asking this Court to reverse the order of the circuit court. We concur with the parties, and therefore reverse the decision of the circuit court.

At oral argument before this Court, the parties acknowledged and agreed that problems existed in the selection process. In his brief, the appellant, who is now the principal of the career center, argues that it was obvious that the job posting was not a bona fide posting in that Mr. Tassos had recommended a permit and selected Mr. Bandy for the position approximately three weeks prior to the posting. Accordingly, the appellant asserts that the selection of Mr. Bandy should have been set aside as violative of *W.Va. Code,* 18A–4–8b(a) [1990], and the position

should have been readvertised and reselected.

The appellee, in its brief, states that the appellee did not become aware of the circumstances surrounding the permit application until 1991, more than one year after the initiation of the grievance proceedings. The appellee maintains that had the Board been aware of the fact that Mr. Tassos had made inaccurate statements, or more pointedly, certified Mr. Bandy as the most qualified applicant prior to the position being posted, it would have proceeded differently. We commend the appellee for being forthright.

Similarly, the Level IV hearing examiner found, in his decision on August 31, 1990, that the propriety of Mr. Tassos' representations on Mr. Bandy's permit application could be perceived as questionable. However, the hearing examiner concluded that the appellant did not, at the time of the posting, possess the requisite certification therefore making him ineligible for the position. The circuit court adopted the findings of fact and conclusions of law of the hearing examiner and held that the representations made by Mr. Tassos on behalf of Mr. Bandy for his permit application could be perceived as questionable; nevertheless, the appellant failed to meet the job requirements as posted.

In syllabus point 2 of *Davis v. W.Va. Dept. of Motor Vehicles,* 187 W.Va. 402, 419 S.E.2d 470 (1992), we addressed the weight to be accorded to conclusions of the lower court:

> ' "In reviewing the judgment of the lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law." Syllabus Point 1, *Burks v. McNeel,* 164 W.Va. 654, 264 S.E.2d 651 (1980). Syllabus, *Bolton v. Bechtold,* [178] W.Va. [556], 363 S.E.2d 241 (1987).' Syllabus Point 2, *State ex rel. Dept. of Motor Vehicles v. Sanders,* 184 W.Va. 55, 399 S.E.2d 455 (1990).

After a thorough review of the record, and arguments of counsel, we are of the opinion that the trial court erred in adopting the

conclusion of the hearing examiner. There was obviously, as recognized by both parties, error in the selection process. Therefore, we reverse the decision of the circuit court and find that the appellee erred in not initially giving the position to the most qualified individual pursuant to *W.Va.Code*, 18A–4–8b(a) [1990]. We further hold that the appellant is entitled to continue to maintain the position as principal of the career center.*

Based upon the foregoing reasons, the decision of the Circuit Court of Kanawha County is reversed.

Reversed.

---

* Other individuals have filed grievances asserting that they are more qualified for the position of principal at the career center. These grievances have been stayed at Level IV pending the outcome of this case. Therefore, the appellee further requests that we order the Board to reevaluate the candidates who applied for the career center position, with respect to the qualifications of each candidate as they then existed, which would compel the appellee to offer the position to the most qualified individual.

The appellant's grievance is the only grievance or issue before us in this case, and that is the only issue we will address. The record herein is insufficient to support any further findings or rulings by this Court with respect to the other grievants.

Following everything that has transpired, the appellant was ultimately hired as career center principal. We cannot comment on the other candidates, nor can we discern any reason as to why the appellee should conduct a reevaluation of the candidates.