450 S.E.2d 658

**SUMMERS COUNTY BOARD OF EDUCATION, Appellant,**

v.

**Michael ALLEN and Harold Bandy, Appellees.**

No. 22174.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 1994.

Decided Oct. 28, 1994.

---

Kathryn R. Bayless, Princeton, Atty., for appellant.

John P. Anderson, Princeton, Atty., for appellees.

**PER CURIAM:**

The Summers County Board of Education appeals a final order of the Kanawha County Circuit Court requiring the Board to reinstate Harold Bandy as principal of Summers County Career Center and to determine if the Board properly eliminated Michael Allen's assistant principal position and, if necessary, to reinstate Mr. Allen. The circuit court's order affirmed the decision of the West Virginia Education and State Employees Grievance Board that found that the Board failed to follow the procedures outlined in *W.Va. Code* 18-9A-4 [effective March 15, 1990] when reductions in force were required. Because the record does not show that the Board properly eliminated Mr. Allen's position, we affirm that part of the circuit court's decision. However, because of our holding in *Oxley v. Bd. of Educ. of County of Summers*, 190 W.Va. 422, 438 S.E.2d 602 (1993), we reverse the part of circuit court's decision concerning Mr. Bandy.

**I**

During the 1989–1990 school year, student enrollment in Summers County declined. Because of this decline, the Board anticipated the loss of state funding for three administrative positions for the 1990–91 school year. The Board decided to eliminate the following three positions: the director of Instructional Materials Center, the principal of Summers County Career Center, Mr. Bandy's position, and the assistant principal of Hinton High School, Mr. Allen's position.[1] Both Mr. Bandy and Mr. Allen were placed on the transfer list and reassigned to teaching positions.

In its brief, the Board notes that during the 1989–90 school year only thirteen administrators were employed in its small rural school district. Four of the administrators held central office positions and, except for one assistant principal, the rest were principals. During the grievance process, Mr. Allen submitted a partial list of administrators,

---

1. The Board decided to eliminate those three positions after rejecting Superintendent Tassos' recommendation of eliminating the following three positions: assistant superintendent (the Board employed only one assistant superintendent), director of Instructional Materials Center, and principal of the Summers County Career Center.

their certification and date of hire, but the administrators' assignments were not specified.

Both Mr. Bandy and Mr. Allen filed grievances alleging that *W.Va.Code* 18–9A–4 [effective March 15, 1990] required the Board to make all administrative cuts in the central office. Both matters were heard separately by the chief hearing examiner of the West Virginia Education and State Employees Grievance Board. In both cases the hearing examiner found that *W.Va.Code* 18–9A–4 [effective March 15, 1990] required all administrative cuts to be made if possible in the Board's central office. In Mr. Allen's case, the hearing examiner noted that he lacked sufficient information about the employees of the Board's central office and their certification and seniority, and therefore could not determine if Mr. Allen should have retained his position.[2] In Mr. Bandy's case, the hearing examiner found that Mr. Bandy's vocational education position should not have been targeted for elimination and that no central administrator had the proper certification to hold this position.

## II

■ The Board maintains that all *W.Va. Code* 18–9A–4 [effective March 15, 1990] requires is the elimination of one central office position before eliminating Mr. Allen's position. In Mr. Allen's case, the Board maintains that with one position eliminated in its central office, Mr. Allen would still be reassigned to a teaching position. The Board argues that the hearing examiner and the circuit court incorrectly found that *W.Va. Code* 18–9A–4 [effective March 15, 1990] required a board "to make all the cuts in its central office if the number of such administrators permitted."

■ *W.Va.Code* 18–9A–4 [effective March 15, 1990] stated:

[E]very county shall utilize methods other than reductions in force, such as attrition and early retirement, before implementing their reductions in force policy to

comply with the limitations of this section. Any reductions resulting from the provisions of this section *shall be made* in the following order: (1) central office administrators, (2) assistant principals, and (3) principals. [Emphasis added.]

In Syl. pt. 2, *Bd. of Education of the County of Grant v. Townshend,* 187 W.Va. 249, 418 S.E.2d 359 (1992), we stated:

West Virginia Code § 18–9A–4, as enacted and effective March 15, 1990, mandated that any reductions in force by boards of education were to be made in a specific manner, with central office administrators eliminated first, followed by assistant principals, and then principals. A subsequent amendment to § 18–9A–4, effective August 31, 1990, eliminated the mandatory language and stated that county boards need only consider positions for elimination in that order.

Based on the mandatory language of *W.Va. Code* 18–9A–4 [effective March 15, 1990], we find that the Board was required to eliminate its central office administrators first. Given the record we cannot determine the effect on Mr. Allen's position if the Board eliminated all the central office administrative positions that are not required by statute. Neither do we have sufficient information to determine if Mr. Allen would have been displaced by an administrator who had the necessary certification and greater seniority.

We, therefore, find that the hearing examiner and the circuit court correctly directed the Board to determine the effect on Mr. Allen, "had the three cuts been made in accordance with" *W.Va.Code* 18–9A–4 [effective March 15, 1990].

## III

■ Although Mr. Bandy's position should not have been eliminated during the 1990 reduction in force, based on our holding in *Oxley, supra,* we find that Mr. Bandy is not entitled to be reinstated as the career center principal. *Oxley* determined that Charles

2. During the level IV hearing, Mr. Allen also argued that he should have been reassigned to his former position as principal. However, the hearing examiner determined that Mr. Allen lacked the proper certification for that position and Mr. Allen has not appealed that part of the decision.

Oxley, rather than Mr. Bandy, was the most qualified applicant for the position of principal of the county career center.[3]

Mr. Bandy's appeal is a collateral attack on our holding in *Oxley* and we decline to reconsider the matter. Because of our holding in *Oxley*, we reverse the circuit court and find that Mr. Bandy is not entitled to be reinstated as principal of the county career center.

For the above stated reasons, we affirm the part of the Circuit Court of Kanawha County's decision concerning Mr. Allen and we reverse the part of the Circuit Court of Kanawha County's decision concerning Mr. Bandy.

Affirmed in part and reversed in part.

---

3. Mr. Oxley possessed a vocational administrator's certificate and an elementary principal certificate, and he was eligible but had not completed the paperwork necessary to receive his secondary principal's certificate. Mr. Bandy possessed a principal's certificate and had applied for a temporary permit as a vocational administrator from the W.Va. State Department of Education. The temporary permit was issued based on the superintendent's certification that Mr. Bandy "is the best qualified person available ... for the position to which he/she has been assigned." *Oxley*, 190 at 423, 438 S.E.2d at 603. The superintendent had "certified Mr. Bandy as the most qualified applicant prior to the position being posted...." *Id.*, 190 at 424, 438 S.E.2d at 604.