# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Paul Ashbaugh,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-0954** (Kanawha County 18-AA-200)

**Harold D. Ward, Acting Director, Division of**
**Water and Waste Management, West Virginia**
**Department of Environmental Protection,**
**Respondent Below, Respondent**

**FILED**
**June 3, 2020**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Paul Ashbaugh, self-represented, appeals two orders of the Circuit Court of Kanawha County. In the first order, entered on July 26, 2018, the circuit court dismissed petitioner's appeal from a February 23, 2018, final order of the West Virginia Environmental Quality Board ("Board") directing petitioner to pay a civil assessment penalty ("CAP") in the amount of $1,071 after he was issued a notice of violation for allowing an open dump on his property in Jefferson County, West Virginia. In the second order, entered on September 10, 2018, the circuit court denied petitioner's motion to alter or amend its July 26, 2018, order. Respondent Harold D. Ward, Acting Director, Division of Water and Waste Management, West Virginia Department of Environmental Protection ("DEP"),[1] by counsel Charles S. Driver, filed a response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Harold D. Ward, Acting Director, Division of Water and Waste Management, West Virginia Department of Environmental Protection, has been substituted as respondent in place of his predecessor-in-office pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

On June 6, 2016, petitioner was issued a notice of violation for allowing an open dump on his property in Jefferson County, West Virginia, assessing a CAP in the proposed amount of $1,818. Following a January 12, 2017, hearing within the DEP, the $1,818 CAP was affirmed. Petitioner appealed to the Board, which held an evidentiary hearing on July 13, 2017. By final order entered on February 23, 2018, the Board reduced the amount of the CAP by $747 and ordered petitioner to pay the DEP $1,071. According to petitioner, he received the Board's February 23, 2018, final order on March 5, 2018, and sent a "petition for appeal" to an official at the DEP, the DEP's counsel, and the Attorney General of West Virginia ("Attorney General") on March 29, 2018. However, petitioner's appeal from the Board's final order was not filed in the Circuit Court of Kanawha County until April 10, 2018.

By order entered on May 14, 2018, the circuit court set forth a briefing schedule. On July 16, 2018, the DEP filed a response to petitioner's appeal and a motion to dismiss the appeal as untimely filed under West Virginia Code § 29A-5-4(b).[2] By order entered July 26, 2018, the circuit court granted the DEP's motion and dismissed petitioner's appeal. On August 6, 2018, petitioner filed a response to the DEP's motion to dismiss, arguing that his appeal was timely filed. To his response, petitioner attached the "petition for appeal" he sent to the DEP's agents and the Attorney General on March 29, 2018. Also on August 6, 2018, petitioner filed a motion to alter or amend the circuit court's July 26, 2018, order dismissing his appeal. By order entered on September 10, 2016, the circuit court acknowledged that it set forth a briefing schedule and that it granted the DEP's motion to dismiss prior to the date that a reply was due from petitioner. However, the circuit court denied petitioner's motion to alter or amend its July 26, 2018, order, finding that his appeal had to be dismissed because it was untimely filed.[3] Petitioner now appeals the circuit court's July 26, 2018, order dismissing his appeal and its September 10, 2018, order denying his motion to alter or amend that judgment.

We review the circuit court's orders together. Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998) (holding that standard of review applicable to an appeal from motion to alter or amend judgment "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is

---

[2]West Virginia Code § 29A-5-4, governing judicial review of contested cases, generally applies to this case. With regard to decisions by environmental tribunals such as the Board, West Virginia Code § 22B-1-9(a) provides that other provisions of Chapter 22B of the Code may apply instead of West Virginia Code § 29A-5-4. Here, because neither party argues that West Virginia Code § 22B-3-3 applies to this case, we assume that West Virginia Code § 29A-5-4 exclusively governs this case.

[3]The circuit court addressed petitioner's motion under Rule 60(b) of the West Virginia Rules of Civil Procedure rather than Rule 59(e) of those Rules due to its finding that the motion was not filed within ten days of the entry of its July 26, 2018, order. Based on our review of the record, we find that petitioner filed his motion within the timeframe set forth in Rule 59(e) pursuant to Rule 6(a) of the Rules of Civil Procedure, which governs the computation of time. However, we further find that the circuit court's determination that the motion could not be considered under Rule 59(e) was harmless error because its underlying ruling, that petitioner's appeal had to be dismissed given its untimeliness, was correct.

2

filed"). "West Virginia Code § 29A-5-4(b) provides that a petition for review of an administrative decision *must be filed within thirty days after the petitioner receives notice* of the final order or decision of the agency." *Reed v. Haynes*, 238 W. Va. 363, 367, 795 S.E.2d 518, 522 (2016) (Emphasis in original). West Virginia Code § 29A-5-4(b) states:

> *Proceedings for review shall be instituted by filing a petition,* at the election of the petitioner, in either the circuit court of Kanawha county, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, *within thirty days after the date upon which such party received notice of the final order or decision of the agency.* A copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal.

(Emphasis added). Rule 2(b) of the West Virginia Rules of Procedure for Administrative Appeals similarly provides:

> No Petition shall be filed from a state agency decision or final order in a contested case after the time period allowed by law. The petition shall be filed in the office of the circuit clerk of the circuit court in which venue lies by law, within 30 days after the petitioner receives notice of the final order or decision from the agency, unless otherwise provided by law.

On appeal, petitioner argues that he filed his appeal from the Board's February 23, 2018, final order within thirty days of receiving it.[4] The DEP counters that the circuit court properly dismissed petitioner's appeal. We agree with the DEP.

Rule 6(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, *or by any applicable statute*, the day of the act, event, or default from which the designated period of time begins to run shall not be included." (Emphasis added). Here, according to petitioner, he received the Board's February 23, 2018, final order on March 5, 2018, which is not counted pursuant to the rule. Thirty days from March 6, 2018, is April 5, 2018. The docket sheet submitted by petitioner as a part of the appendix reflects that his appeal was not filed with the circuit clerk until April 10, 2018. While not entirely clear, petitioner apparently first argues that the docket sheet fails to accurately record the date on which he filed his appeal with the circuit clerk. However, petitioner fails to specify a date or explain the manner in which he filed his appeal with the clerk prior to April 10, 2018. Therefore, we reject any suggestion that the filing date reflected on the docket sheet is incorrect.

---

[4]Petitioner also argues the merits of his appeal from the Board's February 23, 2018, final order. However, given the circuit court's dismissal of the appeal due to its untimeliness, that is the only issue we address herein.

Petitioner further argues that this case should be remanded for an evidentiary hearing so that he can show that he timely filed his appeal. In making this argument, petitioner relies on our ruling in *State ex rel. Dale v. Pomponio*, No. 12-1253, 2013 WL 2674947 (W. Va. June 13, 2013) (memorandum decision), where we refused to issue a writ of prohibition to prohibit the consideration of an administrative appeal that the circuit court found was filed within the thirty-day timeframe set forth in West Virginia Code § 29A-5-4(b). In *Dale*, we found that "[t]he circuit court's explanation for the delay between the faxing of the petition for appeal [(to the circuit clerk)] and the filing of the original [(mailed to the circuit judge, along with the filing fee, at the same time as the fax to the clerk)] . . . was reasonable in light of the facts and circumstances of this case." *Id.* at *3.

We find that the facts of this case are distinguishable from those of *Dale*. According to petitioner, he sent a "petition for appeal" to the DEP's agents and the Attorney General on March 29, 2018. Unlike the clerk and judge in *Dale*, none of those persons can be considered officers or agents of the circuit court. Therefore, even accepting the truth of petitioner's allegations, we find that he would not be able to establish at an evidentiary hearing that he timely filed his appeal from the Board's February 23, 2018, final order. Accordingly, we conclude that the circuit court properly dismissed petitioner's appeal as not filed within the timeframe set forth in West Virginia Code § 29A-5-4(b).

For the foregoing reasons, we affirm the circuit court's July 26, 2018, order dismissing his appeal and its September 10, 2018, order denying his motion to alter or amend that judgment.

Affirmed.

**ISSUED:** June 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison